COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Benton and Elder
Argued at Richmond, Virginia

WILLIAM GARY WADFORD

MEMORANDUM OPINION[*] BY
v.   Record No. 3011-97-2        JUDGE JAMES W. BENTON, JR.
                                          JUNE 16, 1998
ANGELA DENISE RICK WADFORD
 AND RANDALL T. REDFORD


        FROM THE CIRCUIT COURT OF LUNENBURG COUNTY
                William L. Wellons, Judge

        Nora J. Miller (Watson & Nelson, P.C., on
        brief), for appellant.

        Carol B. Gravitt (Gravitt & Gravitt, P.C., on
        brief), for appellee.


     William Gary Wadford appeals from an order of the circuit

court granting the custody petitions of Angela Denise Rick

Wadford, his former wife, for custody of her daughter and of

Randall T. Redford for custody of the same child, Redford's

daughter.  For the reasons that follow, we find no reversible

error and affirm the order.

                              I.

     The evidence in the record proved that William Wadford ("the

husband") and Angela Wadford ("the wife") were married in 1986.

The husband and the wife are the natural parents of a son, who

was born in 1985 before the marriage.  During the course of their

marriage, the husband and the wife separated frequently.  During

one of these separations, the wife had a relationship with

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Randall Redford.  The wife and husband later resumed living together.  During their cohabitation, the wife had a daughter in 1989.

The wife and the husband again separated in 1994.  During this separation, the husband was awarded custody of the two children.  The wife and the husband filed separate petitions for divorce during the separation.  In December 1996, during the separation, the wife, the daughter and Redford had DNA tests to determine paternity.  The analysis indicated a probability of 99.81% that Redford was the daughter's natural father.  The wife testified that she began suspecting the daughter was not the husband's child when the daughter was about five years old and the daughter began to resemble Redford.  Redford testified that for several years he also had suspicions that he was the daughter's father because his relatives told him the daughter resembled him.  In February 1997, Redford and the wife filed petitions seeking custody of the daughter.  A judge of the juvenile and domestic relations district court ordered custody of the children to remain with the husband.

In the circuit court, the trial judge considered in one proceeding evidence concerning the divorce between the husband and the wife and the de novo appeals of the wife and Redford from the custody order of the juvenile court.  At the conclusion of the ore tenus hearing, the trial judge entered a decree of divorce upon the wife's petition for a non-fault divorce.  In a

later separate order, the trial judge awarded custody of the son to the husband and awarded custody of the daughter to the wife and Redford.

## II.

On this appeal, the husband raises the following issues:

1.  Whether the trial judge erred in refusing to allow the children to testify at the hearing;

2.  Whether the trial judge erred in failing to make separate rulings as to law and fact with respect to the wife's and Redford's petitions for custody of the daughter because different legal tests were required to be applied to each petition;

3.  Whether the trial judge erred in determining that Redford should be awarded custody of the daughter; and

4.  Whether the trial judge erred in determining that the wife should be awarded custody of the daughter.

The wife and Redford contend that they should be awarded costs and attorneys' fees incurred in this appeal because the appeal is frivolous.

## A.

At trial, the husband's counsel said to the judge, "We are going to ask you speak with the children."  In support of that request, the husband's counsel argued that "particularly in the case where you are going to allow statements that the children have made to not only parties, but third parties to come into evidence, I think it should come in. . . . I hesitate to call the children to the stand, but I believe the children will tell you a

lot of what [the wife] just said isn't true."  The trial judge responded "that it would probably not serve any additional purpose in terms of the Court's decision making process to speak with the children. . . . So the Court is going to rule that it will not interview the children."  When the judge declined to speak with the children in his chambers, the husband's counsel did not call the children as witnesses to testify.

The trial judge's decision whether to interview children in the judge's chambers will not be reversed unless the trial judge abused his discretion.  See M.E.D. v. J.P.M., 3 Va. App. 391, 404, 350 S.E.2d 215, 224 (1986).  Beyond counsel's assertion, the record does not disclose any necessity for the judge to have spoken to the children in his chambers.  Thus, the record fails to establish that the judge's decision was an abuse of discretion.

Furthermore, no effort was made to present the children as witnesses.  See Lawson v. Lawson, 198 Va. 403, 409, 94 S.E.2d 215, 220 (1956).  In a similar situation, we have ruled that "[i]n the absence of any action to call the child[ren] as . . . witness[es], . . . the court did not err in declining to 'meet with' [them] in chambers."  M.E.D., 3 Va. App. at 404, 350 S.E.2d at 224.  Here, as in that case, the husband "took no affirmative step to tender the child[ren] as . . . witness[es] and, in fact, expressly eschewed any such step."  Accordingly, the record does not support the husband's claim of error.

B.

Alleging that the wife lost custody because of "a prior divestiture," the husband argues that the trial judge erred in giving the wife "the presumption as a natural parent." We disagree with this assertion because no evidence proved that an order had been entered divesting the wife of parental rights. The evidence proved that in an earlier proceeding between the husband and the wife, a court gave custody of the children to the husband and granted the wife visitation. Thus, when the wife petitioned for a change in custody in this proceeding, the trial judge was required to determine "first, has there been a change in circumstances since the most recent custody award; [and] second, would a change in custody be in the best interests of the children." Keel v. Keel, 225 Va. 606, 611, 303 S.E.2d 917, 921 (1983). The record establishes that the trial judge applied the correct rule of law when determining the wife's petition.

C.

Asserting that "[t]he correct legal test as to whether [Redford] should have been granted custody of [the daughter] was enunciated in Bailes v. Sours, 231 Va. 96, 340 S.E.2d 824 (1986)," the husband argues that the trial judge failed to apply that test. Although we agree that the trial judge did not explicitly cite Bailes in his ruling, we conclude that the trial judge committed no reversible error.

In his ruling from the bench following the ore tenus

hearing, the trial judge made the following statements pertinent

to the issues:

> The Court does have two separate cases. We have two children.  Usually when the Court has two children and determines custody, usually the issues are by and large the same and more often than not the Court can just look at it as being a single case.  I'm not able to do that here for the reasons I've given in terms of the different relationships that the children have.  The revelation that . . . Redford is indeed the father of [the daughter] is an extremely important fact in many ways.  I will address that later.  I want first of all to let you know my decision with reference to [the son] . . . .  Then I will address my decision relating to [the daughter].

> \*       \*       \*       \*       \*       \*       \*

> Now, the Court is going to address the custody issue relating to [the daughter]. This is not an easy decision to make, not that the decision with [the son] was an easy decision to make, but we have complexities here that create the difficulties this Court is facing; that is . . . Redford's paternity, the fact the Court has now established that . . . Redford is the father of [the daughter].

> The cases are very clear in terms of the right of a natural parent. . . . [A]s between a natural parent and nonparent the law presumes the best interests of the child will be served when the child is within the custody of the natural parents.  Then there is the additional established rule the parent prevails unless the nonparent bears the burden of proving by clear and convincing evidence both that the parent is unfit and that the best interests of the child will be promoted by granting custody to the nonparent.  Either parent with a suitable home has the right to custody of his child superior to the rights of others.

> \*       \*       \*       \*       \*       \*       \*

- 6 -

We now have in this proceeding not only the natural mother who was a party to that prior proceeding, but . . . Redford. The Court finds that there has been a significant change in circumstances, very significant change in circumstances. And the main change is that we have before the Court another father, . . . Redford. Not only do we have another father before the Court, but we have another sister, a sibling, a half sister . . . who has testified. We have evidence of how . . . Redford has provided for that child, which is an honor student and apparently has developed quite well.

*   *   *   *   *   *   *

The Court, even if it applies the standard of what is in the best interests of the child and in doing that considering the fact that [the husband] has been a good father to this child -- he hasn't been perfect. There have been some shortcomings. The Court nevertheless feels that even if it applies what is in the best interests of the child standard notwithstanding the presumption that might have applied to a natural parent as opposed to nonparent, finds it is in the best interests of [the daughter] that she be placed in the custody of her natural mother and her natural father. So that will be the decision of the Court as to that child.

We quote extensively from the trial judge's ruling from the bench because those statements clearly reflect that the trial judge was aware of the factual and legal issues to be decided and was aware of the legal standard of proof. The trial judge's order also reflects those understandings because he ruled as follows:

[T]he Court finds that there has been a very significant change in circumstances since the last custody order, that . . . Redford has been – found to be the father of [the daughter]; that the natural father and mother

- 7 -

are together – providing a home for the child and for the first time giving the child an opportunity to be in the home of the natural parents; that they are in a new home with adequate room for the child; that by living with them, [the daughter] will remain in the general community where she has grown up and will remain near the paternal grandmother's home; that [the daughter] enjoys a closer relationship with her mother than does [the son]; that . . . [the daughter] has a strong relationship with her father, . . . Redford, and that without giving the parties a presumption of custody as natural parents, the best interests of [the daughter] will be served by awarding custody of [the daughter] to [the wife] and . . . Redford.

The husband argues in his brief that in this "custody dispute between a parent [, Redford,] and a non-parent [, the husband,] 'the law presumes that the child's best interests will be served when in the custody of its parent.' Judd v. Van Horn, 195 Va. 988, 996, 81 S.E.2d 432, 436 (1954)." Thus, he contends the trial judge's ruling reflects an error because the trial judge did not apply this test to Redford's petition.

The trial judge's ruling clearly reflects that even if the trial judge erred, he erred in favor of the husband by applying a test more favorable to the husband. To rebut the presumption favoring a parent over a non-parent, the evidence must clearly and convincingly prove "(1) parental unfitness; (2) a previous order of divestiture; (3) voluntary relinquishment; . . . (4) abandonment[;]" and (5) "'special facts and circumstances . . . constituting an extraordinary reason for taking a child from its parent, or parents.'" Bailes, 231 Va. at 100, 340 S.E.2d at 827

(citations omitted).  Although the husband's evidence may not have been expressly considered by the judge as evidence rebutting the presumption favoring a natural parent, the trial judge's ruling reflects that the evidence was considered in the trial judge's determination of the best interests of the daughter.

By stating that he was not going to give Redford "a presumption of custody as [a] natural [parent]," the trial judge eliminated the husband's burden of overcoming this presumption by clear and convincing evidence.  Instead, the trial judge considered the best interests of the child, a more stringent test for Redford to meet.  Thus, even if the trial judge erred, the trial judge erred in favor of the husband by eliminating his burden of overcoming the natural parent presumption and applying a test more favorable to the husband.  We find no reversible error.

D.

The husband further argues that the evidence did not support the trial judge's decision.  In deciding this issue, we apply the well established standard that "[w]hen the [trial judge] hears the evidence ore tenus, [the judge's] findings are entitled to the weight accorded a jury verdict, and they will not be disturbed on appeal unless they are plainly wrong or without evidence to support them."  Bailes, 231 Va. at 100, 340 S.E.2d at 827.

Based upon evidence in the record, the trial judge found

that Redford was the child's natural parent.  The evidence proved that after Redford received the DNA results, Redford promptly filed for custody.  The record contains evidence from which the trial judge could have found that Redford, who the trial judge found had been a good parent to his other child, was a fit parent; that Redford had asserted his custody interest without delay after Redford learned of the DNA results; that the "relationships in this family are just extremely confusing and complex"; and that special facts and circumstances establish that "it is in the best interests of [the daughter] that she be placed in the custody of her natural mother and her natural father."

On our review of the evidence, we cannot say that the trial judge's findings are plainly wrong or without evidence to support them.

E.

We do not find, as suggested by the wife and Redford, that this appeal was so lacking in merit that attorneys' fees should be awarded.  Accordingly, we make no award of attorneys' fees for this appeal.

For these reasons, we affirm the decree.

<u>Affirmed</u>